UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PAUL NEWMAN                                         CIVIL ACTION


VERSUS                                              NO: 16-2074


MARK BRUSER, ET AL                                  SECTION: "H"(3)


## ORDER AND REASONS

Before the Court are Plaintiff's Motion to Dismiss Defendant AEGIS (Doc. 14) and his related Motion to Remand (Doc. 15). For the following reasons, these Motions are **GRANTED**.

## BACKGROUND

This case was removed to this Court from the Civil District Court for the Parish of Orleans on March 11, 2016. Plaintiff alleges that he was performing work for Defendants Mark Bruser and Lawrence Maye on the roof of 2604 Magazine Street in New Orleans when he was electrocuted by an overhead line owned by Defendant Entergy Corporation of New Orleans ("Entergy"). On May 19, 2015, he filed a state court petition alleging that he sustained severe injuries as a result of this incident. During the course of discovery, Plaintiff learned that Defendant Associated Electric & Gas Insurance Services, Limited (AEGIS) provided an excess liability policy to Entergy for losses in excess of $3

1

million.[1]  Accordingly, Plaintiff amended his state court petition to assert direct action claims against AEGIS.  AEGIS then removed the matter to this Court, citing federal question jurisdiction premised on an arbitration agreement in its insurance contract that is subject to the Convention on Recognition and Enforcement of Foreign Arbitral Awards.  Plaintiff now seeks to dismiss his claims against AEGIS, depriving this Court of jurisdiction and forcing remand of the instant action.  Defendants AEGIS opposes.

## LEGAL STANDARD

### I. Voluntary Dismissal

Rule 41(a)(2) provides, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  "Motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[2]  If no prejudice exists, the Court "should generally, absent some evidence of abuse by the movant, grant the motion."[3]

### II. Motion to Remand

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[4]  The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[5]  When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the

---

[1] Entergy is self-insured for losses up to $3 million.
[2] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).
[3] *Id.*
[4] 28 U.S.C. § 1441(a).
[5] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

time of removal."[6]  Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[7]

## LAW AND ANALYSIS

**I. Motion to Dismiss**

AEGIS argues that it will suffer plain legal prejudice if it is dismissed because it will be deprived of a forum-specific defense, namely, its contractual right to arbitration.  It avers that even if it were dismissed from the action, it would still be subject to potential liability as Entergy's excess insurer, and yet it would be deprived of the advantages of its arbitration agreement.  The Court is not persuaded that this constitutes sufficient legal prejudice so as to preclude dismissal.[8]  "[S]eeking dismissal in order to obtain a jury trial is not 'abuse by the movant' but instead a valid legal basis for seeking dismissal."[9]  Accordingly, it is not improper for Plaintiff to dismiss AEGIS in an effort to retain his right to a jury trial in state court.  Additionally, there has been limited discovery in this case related to AEGIS, and this matter remains in its infancy.  Accordingly, the Court finds that AEGIS should be dismissed from this action without prejudice.  The Court specifically notes that AEGIS acknowledges that it should "be dismissed if plaintiffs stipulate that the alleged damages do not implicate the AEGIS policy." (Doc. 20 at 5)  Plaintiff' has made such a stipulation.(Doc. 25).  Accordingly, it would seem to this Court that AEGIS's rational for opposing dismissal has been rendered moot.

---

[6] *Id.*
[7] *Id.*
[8] Another section of this Court has found likewise in nearly identical circumstances. *See Crowden v. Entergy Corp.,* No. 15-3665, 2015 WL 6869399, at *2 (E.D. La. Nov. 9, 2015).
[9] *Id.*

3

## II. Motion to Remand

Having dismissed AEGIS from this action at Plaintiff's behest, the Court now turns to whether remand of the remainder of the case is appropriate. Federal jurisdiction in this matter was premised solely on the arbitration clause contained in AEGIS's insurance contract with Entergy. This agreement was subject to the Convention on Recognition and Enforcement of Foreign Arbitral Awards, bringing the matter within the Court's federal question jurisdiction. Because this claim has been dismissed, the court is without original jurisdiction over any claim in this case. This does not end the inquiry, however, as it is within the Court's power to exercise supplemental jurisdiction over the remaining state law claims.[10] It is well settled in the Fifth Circuit that "pendent jurisdiction may continue even after the federal claims upon which jurisdiction is based have been dismissed or rendered moot."[11] The Court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims if it has dismissed all claims within its original jurisdiction.[12] "When dealing with motions to remand pendent claims, courts should exercise their discretion in a way that best serves the principles of economy, convenience, fairness, and comity."[13] Upon examining this case in light of these principles, the Court finds that this matter should be remanded. Judicial economy would not be served by this Court retaining jurisdiction over the matter, as this Court has not obtained any great familiarity with the case. Additionally, the remaining claims involve issues of state law better left to the state court. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining claims, and the matter is remanded.

---

[10] 28 U.S.C. § 1367.
[11] *Baker v. Farmers Elec. Coop., Inc.*, 34 F.3d 274, 283 (5th Cir.1994) (citing *Hefner v. Alexander*, 779 F.2d 277, 281 (5th Cir.1985)).
[12] 28 U.S.C. § 1367.
[13] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant AEGIS (Doc. 14) and his related Motion to Remand (Doc. 15) are **GRANTED**. Plaintiff's claims against AEGIS are **DISMISSED**, and the remaining claims are **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 19th day of July, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**